UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CALMARE THERAPEUTICS, INC.,

                              Plaintiff,

      -against-

Stanley K. Yarbro,

                            Defendant.

**COMPLAINT**

Case No. 08-2189

Plaintiff Calmare Therapeutics, Inc. ("Calmare" or the "Company"), alleges:

1. This is an action to invalidate consents solicited by Defendant using false and misleading information, and to require correction of the inaccuracies in these materials.

2. Defendant Yarbro started a consent proxy solicitation by filing, on November 22, 2017, a non-management preliminary proxy statement on Schedule 14A with the SEC (Annexed as Exhibit 1). The filing was false and misleading in the following material ways: (a) the filing alleges that the decrease in the Company's stock price was due to the actions of the Company's CEO (Exhibit 1 at page 3) when in fact the stock price lost most of its value long before the current CEO's tenure; (b) it contains false and misleading statements that the Company lost its contract with the U.S. General Services Administration ("GSA") (Exhibit 1 at page 5) when it has not; (c) they contain misleading and unsupported statements that management's compensation has "gone up" (Exhibit 1 at page 3) when in fact some corporate officers have foregone salaries; and (d) it makes misleading and unsupported statements that the Company has "failed to work to resolve major company litigation matters" (Exhibit 1 at page 5) when it has.

3. On December 4 and 5, Defendant Yarbro caused the Calmare Committee to Restore Stockholder Value (the "Complaining Minority Stockholders") to file with the SEC

proxy statements (the "Minority Consent Solicitations") on Schedule 14A; Yarbro is the leader of the Minority Committee and spokesperson for the Complaining Minority Stockholders. The definitive consent solicitation filed on December 5, 2017 was not substantially changed from the previous Schedule 14As and included the same materially false, misleading and incomplete statements (Exhibit 2).

4. Defendant sought to evade the clear requirements of Section 14(a) and to mislead Calmare shareholders. He made a series of materially misleading SEC filings designed to dupe Calmare shareholders into allowing Defendant's hand-picked nominees to infiltrate Calmare's Board. The SEC filings are false and misleading in the following ways:

- they claim that "since the appointment of Conrad Mir as Chief Executive Officer on September 27, 2013, the Company's stock price has plummeted" (Exhibit 1 at page 3) when in fact the stock lost most of its value before the current management took over;

- they allege that the Company "lost" its contract with the U.S. General Services Administration (Exhibit 1 at page 5) when it has not;

- they represent that the salary of the management team "has done nothing but go up" (Exhibit 1 at page 3) when most of the management team has foregone salaries for many months; and

- they allege that the company has not "properly defend[ed]" (Exhibit 1 at page 5) itself in litigation when in fact it has.

5. In addition to Defendant's false and misleading statements, as alleged, Defendant also used an incorrect record date in the Minority Consent Solicitation. On or about November 22, 2017, Defendant began mailing the materially misleading proxy materials to Calmare's shareholders and soliciting proxies to vote for his nominees within 60 days of a record date of November 16, 2017. Plaintiff contested the record date as Section 213(b) of the Delaware General Corporation Law provides that the record date for a consent solicitation is the first date on which a signed written consent is delivered to the corporation. The record date has

subsequently been correctly established as February 13, 2018. Investors can only vote shares that are owned on or before the record date. An inaccurate record date invalidates the consents given and requires that the process be restarted.

6. Calmare brings this action for declaratory and injunctive relief to redress a scheme by Stanley Yarbro to seize the Company's value for himself and advance his own interests – at the expense of Calmare's other shareholders – by means of materially false and misleading statements to the public.

7. In carrying out this scheme, Defendant violated Section 14(a) of the Securities Exchange Act of 1934 ("Exchange Act") and the rules and regulations of the Securities and Exchange Commission promulgated thereunder.

8. Section 14(a) was created to ensure that shareholders receive full and accurate disclosure of material information from any person or group of persons who solicit proxies to vote on important corporate matters.

### I. Jurisdiction and Venue

9. This action arises under Section 14(a) of the Exchange Act, 15 U.S.C. § 78n(a) and the rules and regulations promulgated thereunder by the SEC.

10. Jurisdiction over the subject matter of this action is based upon 28 U.S.C. § 1331 and Section 27 of the Exchange Act, 15 U.S.C. § 78aa.

11. Venue in this district is proper pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1391(b)(2) because Defendant solicited shareholders in this district.

12. Declaratory relief is appropriate pursuant to 28 U.S.C. § 2201 because an actual controversy exists regarding Defendant's compliance with Section 14(a) of the Exchange Act.

## II. The Parties

13. Plaintiff Calmare Therapeutics Inc. is a Delaware corporation with a principal place of business of 1375 Kings Highway East, Fairfield, Connecticut, 06824.

14. Upon information and belief, Defendant Yarbro is an individual who resides in North Carolina.

## III. Factual Background

15. Calmare has developed the world's first and only non-invasive and non-addictive technology that can successfully treat chronic, neuropathic pain (the "Device").

16. The Device treats chronic pain via a biophysical approach, as opposed to a biological and narcotic approach. The Company's patented technology creates and sends an accretive burst of no-pain signals to the patient's central nervous system, which substitutes the patient's own pain signal response to a traumatic event. Over the course of the full treatment regimen – 15 consecutive days of Calmare Pain Mitigation Therapy™ treatments – of no-pain command signals. If the patient is a true responder to the treatments, the patient will be afforded prolonged pain relief without the need of narcotics.

17. The Company is in the fourth year of a five-year plan to improve the Company's financial position. The timeframe was based on estimates that it would take five years to achieve FDA approval for Calmare's flagship medical device – the Calmare® Pain Therapy Device. The Company expects to receive this approval at the end of 2018. In 2015, the Company received a Blanket Purchase Agreement ("BPA") under the Company's government contractor status with the GSA, which totals $15,000,000 payable over five years. Due to the GSA's rigorous review process, the contract payments have not yet begun, and are expected to begin in 2018.

18. On November 22, 2017, the Complaining Minority Stockholders filed non-management preliminary proxy statements on Schedule 14A. The Schedule 14A solicited shareholder proxies in favor of replacing the entire Board (except Yarbro) with Defendant's nominees.

19. On December 4, 2017, the Complaining Minority Stockholders filed with the SEC the Minority Consent Solicitation on Schedule 14A. On December 5, 2017, the Complaining Minority Stockholders filed with the SEC a definitive consent solicitation on Schedule 14A (Exhibit 2). On December 8, 2017 the Complaining Minority Stockholders filed additional definitive proxy soliciting materials filed by non-management and Rule 14(a)(12) material on Schedule 14A.

20. The various Schedule 14A materials were not substantially changed from the November 22 Schedule 14A and include the same materially false, misleading and incomplete statements.

21. Complaining Minority Stockholders, directed by Yarbro, are attempting to take over Calmare and to seize control of the Company by advancing a series of inaccurate and unsupported arguments about Calmare, including its prospects for future success.

**CLAIM I**

**Defendant's Violations of the Securities Law**

22. Section 14(a) of the Exchange Act and the rules promulgated thereunder govern the solicitation of proxies. Rule 14a-9 provides that "[n]o solicitation subject to this regulation shall be made by means of any proxy statement…which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

23. The December 5 Schedule 14A (Exhibit 2) is materially false and misleading because it claims that the decrease in the Company's stock price since 2013 was due to the actions or inaction of the current CEO, Conrad Mir. When Mir became the CEO of the Company in October 2013, the Company's stock price had already suffered a severe decline in price. The price dropped from $14.20 in 2005 to approximately 5 cents in Mir's first days as the CEO. The statement that Mir is responsible for the decrease in the Company' stock price is materially false and misleading and incomplete because it fails to disclose that the vast majority of the stock's value was lost in the years predating Mir's tenure as CEO (see chart on page 7). In fact, the Calmare's stock value decreased by 94% from the period when Yarbro joined the Board in March 2012 to when Mir joined the Company in October 2013. This omission is materially misleading (see chart).



24. The December 5 Schedule 14A also falsely claimed that the Company "lost its GSA contract." (Exhibit 1 at page 5). This representation was materially false and misleading because the Company continues to have two contracts with the government, one for electrodes and one for devices. The GSA continues to buy the Company's products under its contracts, and the Company continues to supply products to the U.S. Veterans Administration and similar customers.

25. The December 5 Schedule 14A also presents false and misleading and incomplete statements with respect to compensation of Calmare's officers and employees. The Complaining Minority Stockholders assert that Calmare has underperformed while the management team has profited. Contrary to the assertions in Defendant's Schedule 14A, Mir has not unilaterally determined his salary. Further, all executive compensation was unanimously approved by all the members of the Board, which included Yarbro's vote as a director. The Schedule 14A falsely states that the Company has failed to pay its employees for four months. This is materially false and misleading. To date, the Company has paid all of its non-officers and non-management employees. Mir, however, has agreed to receive only one-half of his bonus payment in cash and

7

the other half in stock, so as to reduce the cash owed by the Company. Contrary to the false and misleading statements in the Schedule 14A, Mir and the CFO have deferred a total of nine and a half months of salary so as not to burden the Company.

26. The assertion in the December 5 Schedule 14A that the Company has failed to work to resolve major litigation matters is materially false and misleading and incomplete. The Company has defended itself in a lawsuit with GEOMC to the fullest extent and is currently fighting through the appeal process. That lawsuit arose from actions of the prior management and its failure to meet certain payment obligations, and the implication that current management is responsible is misleading. The statement in the December 5 Schedule 14A that the Company has failed to fight a judgment with respect to a former employee for $400,000 is also false and materially misleading as the Company is currently appealing this judgment. That suit concerns a former government sales consultant's contract which was approved under Yarbro's tenure as a director and as Chairman of the Audit Committee, and which was greatly detrimental to the Company. It is a material omission not to have disclosed that the contract had been approved by the Board (including Yarbro). The assertion in the December 5 Schedule 14A that management did not "show up at the hearing" (Exhibit 1 at page 5) is materially false and misleading. The Company through its counsel has attended all proceedings related to that matter.

27. In addition to the material misrepresentations, the December 5 Schedule 14A also states that the record date for the consent solicitation was November 16, 2017. However, the Complaining Minority Stockholders never established November 16, 2017 as the record date, and the board of directors of the Company (which was not required to) never established November 16th as a record date. It is misleading to state a record date that was not properly set

and solicit consents based on incorrect information. It is now conceded that the current record date is February 13, 2018.

**Imminent Irreparable Harm**

28. Defendant is now soliciting proxies from Calmare's shareholders based upon the material misrepresentations and omissions in his Schedule 14A filings described above.

29. If left uncorrected, Defendant's material misrepresentations and omissions will deprive shareholders of their right to make decisions on the future of Calmare based on full and accurate information. Specifically, if Defendant continues to solicit proxies based on his materially false and misleading statements, Calmare's shareholders will have acted on the basis of false and misleading information. Calmare therefore brings this suit so that Defendant will be prevented from benefiting from his violations of the securities laws, will be required to correct his misstatements and omissions, and will be prohibited from soliciting any proxies or from taking any action with respect to proxies they might receive from Calmare shareholders, until Defendant corrects his material misstatements and omissions.

30. Defendant violated Section 14(a) and the rules and regulations promulgated thereunder by filing materially false and misleading preliminary and definitive proxy statements on Schedule 14A.

31. Defendant's December 5 Schedule 14A was false and misleading in the following material ways: (a) the filing alleges that the decrease in the Company's stock price was due to the actions of the Company's CEO (Exhibit 1 at page 3) when in fact the stock price lost most of its value long before the current CEO's tenure; (b) it contains false and misleading statements that the Company lost its contract with the GSA (Exhibit 1 at page 5) when it has not; (c) it contains misleading and unsupported statements that management's compensation has

9

"gone up" (Exhibit 1 at page 3) when in fact some corporate officers have foregone salaries; and (d) it makes misleading and unsupported statements that the Company has "failed to work to resolve major company litigation matters" (Exhibit 1 at page 5) when it has.

32. Defendant's misrepresentations and omissions in the November 22, December 4 and December 5 Schedule 14As were material to Calmare shareholders and the investing public.

33. Calmare and its shareholders will be irreparably harmed in the absence of the declaratory and equitable relief as prayed for herein.

34. Accordingly, Calmare is entitled to (i) a declaration that Defendant's November 22, December 4 and December 5 Schedule 14As violated Section 14(a) of the Exchange Act and the rules promulgated thereunder; (ii) an order requiring Defendant to correct by public means the misrepresentations and omissions contained in Defendant's Schedule 14A filings; (iii) a preliminary and permanent injunction prohibiting Defendant and any person or entity acting in concert with him from soliciting proxies or from taking any action, including but not limited to voting, with respect to any proxies he may obtain prior to the public correction of Defendant's materially false, misleading and incomplete 14A filings; and (iv) a preliminary and permanent injunction preventing Defendant and any person or entity acting in concert with him from making any additional misrepresentations or omissions in any future proxy statement related to Calmare.

## CLAIM II

35. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 34 of the Complaint as if fully set forth herein.

36. Calmare has had to expend significant resources to address the false and misleading statements filed by the Defendant. These sums include, but are not limited to, attorneys' fees, proxy solicitor fees, opportunity costs and other damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief in the form of an Order:

(a) Declaring that Defendant's Schedule 14A filings violated Section 14(a) of the Exchange Act and the rules promulgated thereunder;

(b) Directing that Defendant correct by public means his material misrepresentations and omissions described herein and to file with the SEC truthful, accurate and complete Schedule 14A disclosures, in compliance with the applicable rules and regulations, forthwith;

(c) Enjoining Defendant from soliciting proxies or taking any action, including but not limited to voting, with respect to any proxies he may obtain prior to the public correction of his materially false, misleading, and incomplete 14A filings;

(d) Enjoining Defendant and any other persons or entities acting in concert with him from making or disseminating any additional misstatements or omissions in any future Schedule 14A filings related to Calmare;

(e) Enjoining Defendant from any further transactions in Calmare stock based upon material, non-public information;

(f) Granting leave to Calmare to conduct expedited discovery and an expedited hearing with respect to the claims alleged herein;

(g) Awarding Calmare damages in an amount to be determined at trial;

(h) Awarding Calmare its costs and disbursements in this action, including reasonable attorneys' fees and expert fees; and

(i)  Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
April 12, 2018

Respectfully submitted,

**HOGUET NEWMAN
REGAL & KENNEY, LLP**

By: _____
Amory W. McAndrew (AM4527)
Fredric S. Newman, (FN3174)
Hoguet Newman Regal & Kenney, LLP
10 East 40th Street, 35th Floor
New York, NY 10016
Phone: 212-689-8808

*Attorneys for Plaintiff*